```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Solomon Upshaw,              )
U Transport Corp.,           )
                             )
         Plaintiffs,         )
                             )
         v.                  )    Case No. 2:13-cv-76
                             )
WMB Construction, Inc.,      )
William B. Brandon, Jr.,     )
                             )
         Defendants.         )
```

OPINION AND ORDER
(Doc. 14)

Plaintiffs Solomon Upshaw and U Transport Corp., proceeding *pro se*, claim that a "tractor and trailor" owned by Upshaw was wrongfully removed from a parking space in Avon, Massachusetts and sold to Defendants WMB Construction, Inc. and William B. Brandon, Jr.  This Court previously dismissed a similar action involving the same parties for lack of personal jurisdiction over Defendants.  *See Uphsaw v. WMB Construction, Inc.*, 2013 WL 1430462, at *3-*4 (D. Vt. Apr. 9, 2013).  Now before the Court is Defendants' motion to dismiss the instant case for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  For the reasons set forth below, Defendants' motion (Doc. 3) is GRANTED, and Upshaw is granted leave to file an Amended Complaint.

Factual and Procedural Background

Upshaw, as President of co-plaintiff U Transport Corp., alleges that Defendants "deprived my tractor and trailor from a parking space in Avon, Massachusetts without authority September 01, 2010." (Doc. 1 at 1.)  Based upon the attachments to the Complaint, it appears that Upshaw is claiming ownership of a tractor-trailer truck that was towed from Massachusetts and sold to Defendants.  Upshaw contends that the removal and sale of the truck violated the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").

Upshaw originally filed this case in the United States District Court for the Central District of California.  That court transferred the case here, noting that Upshaw had a related action pending in this Court.  (Doc. 9.)  The related action, like this case, alleged Upshaw's ownership of the truck and violations of the FAAAA.  In an Opinion and Order dated April 9, 2013, the Court granted Defendants' motion to dismiss for lack of personal jurisdiction. *Upshaw*, 2013 WL 1430462, at *4.  The Court also granted Upshaw leave to amend his Complaint, *id.* at *5, but he declined to do so, and the case was dismissed without prejudice on May 15, 2013.

In the instant case, Defendants have moved to dismiss for lack of subject matter jurisdiction (arguing that the FAAAA does not apply), lack of personal jurisdiction, and failure to state a claim for which relief may be granted. With respect to the question of personal jurisdiction, Defendant William Brandon has submitted an affidavit in which he avers that he is a resident of Taunton, Massachusetts, that Defendant WMB Construction, Inc. has a principal place of business in Taunton, Massachusetts, and that neither Defendant has conducted business in Vermont. Upshaw's mailing address is in Cape Neddick, Maine.

## Discussion

Defendants first move to dismiss for lack of subject matter jurisdiction, specifically disputing the applicability of the FAAAA to this case.  The Complaint contends that the FAAAA applies because removal of the truck was "'related to' the prices, routes and services of U Transport Corp."  (Doc. 1 at 1.)  The FAAAA, which is codified at 49 U.S.C. § 14501, was enacted in order "to pre-empt state trucking regulation."  *See Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 368 (2008). Accordingly, the statute provides that "a State . . . may

not enact or enforce a law . . . related to price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The term "related to" has been defined as "having a connection with or reference to rates, routes, or services." *New York Motor State Truck Ass'n v. Pataki*, 2004 WL 2937803, at *5 (S.D.N.Y. Dec. 17, 2004) (citing *Morales v. TransWorld Airlines, Inc.*, 504 U.S. 374, 384 (1992)).

The Court previously addressed the application of the FAAAA to Plaintiffs' claims, and concluded as follows:

> In this case, Plaintiffs' claims do not appear to pertain to the "transportation of property," or to transportation rates charged by a participant in the trucking industry. Instead, the case appears to concern Upshaw's prior ownership of one or more vehicles, and issues relating to legal title. It is therefore unclear whether jurisdiction is proper under the FAAAA. *Compare Rockwell v. United Parcel Service, Inc.*, 1999 WL 33100089, at *2 (D. Vt. July 7, 1999) (asserting jurisdiction under the FAAAA where carrier delivered a dangerous package).

*Upshaw*, 2013 WL 1430462, at *3. The Court therefore proceeded to the matter of personal jurisdiction, finding that "the question of personal jurisdiction is more easily resolved." *Id.* As the legal issues in this case are essentially the same as in Plaintiffs' previous case, the Court will take the same approach here.

4

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("The burden of proving jurisdiction is on the party asserting it."). Where, as in this case, there has been limited discovery and the motion is being decided without an evidentiary hearing, the plaintiff need make only a *prima facie* showing of jurisdiction. *Tom and Sally's Handmade Chocolates, Inc. v. Gasworks, Inc.*, 977 F. Supp 297, 300 (D. Vt. 1997). When considering a motion to dismiss for lack of personal jurisdiction, a district court may consider matters outside the pleadings. *See Dorchester Fin. Secs., Inc., v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013). Materials presented by the plaintiff should be construed in the light most favorable to the plaintiff and all doubts should be resolved in its favor. *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993).

Personal jurisdiction determinations are governed by a two-part inquiry. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Generally, a court must first review the state long-arm

statute, and then consider whether asserting personal jurisdiction would violate principles of due process.  *See id.* at 567-68.  However, because Vermont's long-arm statute allows jurisdiction over a defendant to the full extent permitted by the Due Process Clause, the inquiry is reduced to only the due process analysis.  *See id.* at 567 (citing *Bechard v. Constanzo*, 810 F. Supp. 579, 582-83 (D. Vt. 1992)); *see also Dall v. Kaylor*, 163 Vt. 274, 275, 658 A.2d 78, 79 (1995).

The due process analysis requires courts to consider: (1) whether the defendant has sufficient "minimum contacts" with the forum state, and (2) if such contacts exist, whether jurisdiction based on such contacts is reasonable under the circumstances of the particular case.  *Metro. Life Ins. Co.*, 84 F.3d at 567.  To satisfy the first prong of this analysis, a non-resident defendant must have sufficient minimum contacts with the forum state that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  "[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State,

6

thus invoking the benefits and protections of its laws.'" *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Intentional and affirmative action by the nonresident defendant in the forum state is the key to personal jurisdiction." *Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp.*, 921 F. Supp. 1206, 1210 (D. Vt. 1996).

For purposes of the minimum contacts test, courts draw a distinction between "specific" and "general" jurisdiction. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). Specific, or "case-linked" jurisdiction, *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011), exists "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). General, or "all-purpose" jurisdiction, *see Goodyear*, 131 S. Ct. at 2851, "is based on the defendant's general business contacts and permits a court to exercise its power in a case where

the subject matter of the suit is unrelated to those contacts." *Metro. Life*, 84 F.3d at 567–68; *see also Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005) ("No single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper.").

In this case, the Plaintiffs' filings offer no support for specific jurisdiction. The Complaint, first filed in California, does not mention Vermont. (Doc. 1 at 1-3.) The events alleged in the Complaint occurred in Massachusetts and Rhode Island. Documentation attached to the Complaint suggests contacts with other states, including Tennessee and Delaware, but not (with the exception of litigation in this Court) Vermont. In sum, the Complaint offers no indication that the claims in this case relate in any way to the State of Vermont.

Absent specific jurisdiction, the Court must consider whether it may exercise general jurisdiction over Defendants. Because the contacts that establish general jurisdiction are unrelated to the events giving rise to the

lawsuit, courts impose a "more stringent" version of the minimum contacts test for general jurisdiction than for specific jurisdiction. *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013). Specifically, to establish general jurisdiction, Plaintiffs are required to show contacts that are "so continuous and systematic as to render [Defendants] essentially at home in the forum state." *Goodyear*, 131 S. Ct. at 2851 (quotation marks and citation omitted).

The facts asserted here do not support a finding of general jurisdiction. Indeed, there is no support in either the Complaint or its attachments for the Court to find that Defendants have had any, much less "continuous and systematic," contacts with Vermont. *Id.* Furthermore, the Brandon affidavit establishes that he and his company, Defendant WMB Construction, Inc., have never conducted any business in Vermont. *Compare Metro. Life*, 84 F.3d at 572-73 (finding minimum contacts sufficient to support general jurisdiction in a "close case" in which the defendant had $4 million in Vermont sales, registered to do business in Vermont, maintained relationships with dealers and builders in Vermont, provided advertising and support to Vermont

9

residents, and deliberately targeted Vermont for sales). The Court therefore finds that Plaintiffs have failed to make a *prima facie* showing to support general jurisdiction.

The second component of due process "asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' — that is, whether it is reasonable under the circumstances of the particular case."  *Metro. Life Ins. Co.*, 84 F.3d at 568 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). Even assuming some relationship between this case, or the Defendants, and Vermont, it is plain from the pleadings that it would be unreasonable to compel Defendants to litigate in this District.  The Court therefore finds that it has no personal jurisdiction over Defendants, and their motion to dismiss on this basis (Doc. 14) is GRANTED.

The Second Circuit has held that district courts "should not dismiss [a *pro se* Complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citation omitted).  In this case, the pleadings offer no

support for exercising personal jurisdiction over Defendants. Nonetheless, the Court cannot say at this time that any effort to amend the Complaint would be futile. More specifically, an Amended Complaint might set forth additional facts to support federal court jurisdiction in Vermont.

Before it grants leave to amend, the Court notes that Plaintiff U Transport Corp. is not represented by counsel. Upshaw does not claim to be an attorney, and a layperson cannot represent a corporation. *See* Local Rule 11(b) ("A corporation . . . may not appear *pro se* in any proceeding."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308-10 (2d Cir. 1991) (holding that a "layman" may not represent a separate legal entity). Accordingly, if Plaintiff U Transport Corp. is to continue as a party to this case, it may only do so through counsel.

Plaintiffs are granted leave to file an Amended Complaint. The Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include legible factual allegations. The Complaint must also allege sufficient facts to show that jurisdiction is proper in this

Court.  The Amended Complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint.  The Amended Complaint must be filed within 30 days of the date of this Opinion and Order, and failure to do so will result in the dismissal of this case without prejudice.  Finally, if U Transport Corp. wishes to continue as a party in this case, it must appear through counsel or face dismissal.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 14) is GRANTED.  Plaintiffs may file an Amended Complaint within 30 days of this Opinion and Order.  Plaintiff Upshaw may continue to proceed *pro se*, while Plaintiff U Transport Corp. must appear through counsel or face dismissal.  Failure to file an Amended Complaint within 30 days will result in the dismissal of this case without prejudice.

Dated at Burlington, in the District of Vermont, this 12th day of September, 2013.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court